IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JORDAN DAMALE BENSON, #02122645 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  4:22cv116 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro Se* Petitioner Jordan Damale Benson, an inmate confined in the Texas prison system*,*

filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred

to United States Magistrate Judge Christine A. Nowak for findings of fact, conclusions of law, and

recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended

Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate

Judge.

**I.  PROCEDURAL BACKGROUND**

Petitioner is challenging his Grayson County convictions for aggravated sexual assault of

a child (Count 1) and aggravated assault with a deadly weapon (Count 2), Cause No. 06686. On

March 9, 2017, after pleading guilty, the trial court sentenced him to thirty years' confinement on

Count 1 and twenty years' confinement on Count 2, the sentences to run concurrently. (Dkt. #10-

2, pp. 28-29). Petitioner did not file a direct appeal. (Dkt. #1, p. 3). Petitioner filed an application

for state habeas corpus relief on July 10, 2021.[1] (Dkt. #10-2, pp. 32-47). On October 13, 2021, the

Texas Court of Criminal Appeals ("TCCA") denied the application without written order on

---

[1] The application is dated July 10, 2021. (Dkt. #10-2, p. 47). For purposes of this Report and Recommendation, the Court assumes that he mailed the application on that date, and the application is deemed filed on July 10, 2021, in accordance with the state "mailbox rule." *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013); *Scott v. Dir., TDCJ-CID*, No. 4:17CV779, 2019 WL 2273756, at *1 (E.D. Tex. Mar. 4, 2019), *report and recommendation adopted*, No. 4:17CV779, 2019 WL 2267166 (E.D. Tex. May 27, 2019).

findings of the trial court without a hearing and on the court's independent review of the record. (Dkt. #10-1).

Petitioner filed the instant petition in the Eastern District of Texas, Beaumont Division, on February 7, 2022.[2] (Dkt. #1). The petition was transferred to this Court, the Eastern District of Texas, Sherman Division, on February 22, 2022. (Dkt. #3). Petitioner argues that he is entitled to relief because (1) he is actually innocent as the State did not present fingerprint or DNA evidence linking him to the crimes; (2) there was no evidence to support the convictions, and he was coerced into pleading guilty; (3) his counsel provided ineffective assistance by failing to investigate Petitioner's mental health and coercing him into accepting the plea bargain; and (4) his guilty plea was involuntary. (Dkt. #1, pp. 6-7, 13-20).

The Respondent has filed a motion to dismiss the petition as barred by limitations. (Dkt. #9). The Respondent further contends that Petitioner has not set out a viable showing of actual innocence or shown that he is entitled to equitable tolling of the statute of limitations. Petitioner has responded. (Dkt. #11). The motion to dismiss (Dkt. #9) is ripe for consideration.

## II.  ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such

---

[2] A *pro se* prisoner's habeas corpus petition is deemed filed, for the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 when the prisoner delivers the papers to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Petitioner declared under penalty of perjury that he deposited the petition in the prison mailing system on February 7, 2022. (Dkt. # 1, p. 10).

review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In the present case, the appropriate section to employ is Section 2244(d)(1)(A). Petitioner was sentenced on March 9, 2017. Because Petitioner did not file a direct appeal, his conviction became final on April 10, 2017, at the conclusion of the thirty days in which he could have filed a timely direct appeal.[3] *See Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). Accordingly, the present petition was due no later than April 10, 2018, in the absence of tolling provisions. It was not filed until February 7, 2022. The statutory tolling provisions specify that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). Petitioner filed his state application on July 10, 2021. By then, the present petition was already time-barred by more than three years. The pendency of the state application did not effectively toll the statute of limitations.

## A. *Statutory Tolling under Section 2244(d)(1)(D)*

Petitioner relies on Section 2244(d)(1)(D), the date on which the factual predicate of the claims could have been discovered through due diligence, to allege that his petition is timely filed.

---

[3] Petitioner was sentenced on March 9, 2017. Thirty days later—April 8, 2017—was a Saturday, so the last day Petitioner could have filed an appeal was Monday, April 10, 2017. *See* Tex. R. App. P. 4.1.

Specifically, he asserts that the one-year period should begin to run "on or about May of 2021," when he became aware of his right to appeal his guilty plea, conviction, and sentence. (Dkt. #11, pp. 1, 3-4, 6-12). "Due to . . . being mentally incompetent," Petitioner states that "he could not have discovered the factual predicate of his claims" until "on or about May of 2021," when he spoke with another inmate "lettered in the law" who informed Petitioner "that he had a constitutional right to an appeal" and "helped him discover how his constitutional rights were violated during his state court proceedings, which led to Petitioner filing his first state writ of habeas corpus on July 10, 2021." (Dkt. #11, pp. 4, 9, 11).

Under subparagraph (D), the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Section 2244(d)(1)(D) focuses on the factual predicate of the claims, not the discovery of the legal theory or the legal significance of the facts supporting the claims. *See Osborne v. Hall*, 934 F.3d 428, 432 (5th Cir. 2019) (stating that the one-year clock commences on "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim") (citations omitted); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (rejecting prisoner's assertion that the one-year period begins when he "actually understands what legal theories are available"). Moreover, the petitioner bears the burden of establishing the applicability of Section 2244(d)(1)(D), including his due diligence. *Upchurch v. Thaler*, No. 3:10-CV-0987-D(BK), 2011 WL 1422728, at *4 (N.D. Tex. Jan. 28, 2011); *Norrid v. Quarterman*, 2006 WL 2970439, at *1 (N.D. Tex. 2006).

Here, Petitioner cannot satisfy his burden of proving that he exercised due diligence in searching for the factual predicate of his claims. His conclusory assertion that he ultimately discovered his appeal rights in "May of 2021" from a fellow inmate does not pass the test of demonstrating due diligence by him for discovering the factual basis for the claims he asserts in his habeas petition. The Court notes that Petitioner does not assert a claim based on the alleged failure of the trial court and trial counsel to advise Petitioner of his appeal rights; thus, when he learned of his appeal rights does not appear relevant.[4] Indeed, the factual basis for Petitioner's habeas claims would have been available to Petitioner at the time he pled guilty and was sentenced. Petitioner simply has not presented any facts that would demonstrate the exercise of due diligence by him in discovering the factual basis for his claims. The Court concludes that Petitioner does not satisfy his burden of establishing that the factual basis of the claims could not have been discovered through the exercise of due diligence within the one-year limitations period. *See Norrid*, 2006 WL 2970439, at *1 (apart from his conclusory statements, Petitioner failed to meet his burden of establishing that the factual basis of his grounds "could not have been discovered by him, through the exercise of due diligence, within the one-year limitations period"). Therefore, Petitioner is not entitled to an extension of the one-year period under Section 2244(d)(1)(D).

**B.  Equitable Tolling**

The only other possible tolling provision is equitable tolling. The Supreme Court clearly and unequivocally held that the AEDPA's statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[4] In any event, the plea agreement demonstrates that Petitioner was advised of his right to appeal before entering his guilty plea and chose to waive that right, except in limited circumstances, as part of the plea bargaining agreement. (Dkt. #10-2, pp. 10-22).

circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 560 U.S. at 649). But equitable tolling occurs only in "rare and exceptional circumstances." *Scott*, 227 F.3d at 263; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of proving that rare and exceptional circumstances exist justifying such tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se*, illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996).

Additionally, the Fifth Circuit has held that "[e]quity is not intended for those who sleep on their rights." *Fisher*, 174 F.3d at 715. To obtain the benefit of equitable tolling, Petitioner must also establish that he pursued habeas relief with "reasonable diligence." *Palacios v. Stephens*, 723

F.3d 600, 604 (5th Cir. 2013); *Holland*, 560 U.S. at 653 (the diligence required for equitable tolling purposes is reasonable diligence).

Petitioner contends that he is entitled to equitable tolling because he is "mentally incompetent" and "could not discover the factual predicate of his claims until he spoke with another inmate in prison that helped him discover how his constitutional rights were violated during his state court proceedings, which led to petitioner filing his first state writ of habeas corpus on July 10, 2021." (Dkt. #11, p. 4). In support, Petitioner attaches mental health records dated between March 2021 and April 2022 showing that he has been diagnosed with "Schizoaffective Disorder, Unspecified," and that it was first observed in May 2017; that he is receiving mental health treatment; and that he is taking psychotropic drugs. (Dkt. #11-1; Dkt. #12-1).

A claim of mental incapacity may support equitable tolling only if "the mental impairment precluded the prisoner from asserting his legal rights." *Fisher*, 174 F.3d at 715-16. However, the Fifth Circuit made clear "that a claim of incompetence does not automatically entitle a prisoner to equitable tolling." *Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. 2001) (citing *Fisher*, 174 F.3d at 715-16). Therefore, to qualify for equitable tolling, a prisoner must provide factual support for the assertion that his mental incompetency prevented him from asserting his legal rights in a timely manner. *See Smith*, 247 F.3d 240, 2001 WL 43520, at *3 (equitable tolling is only appropriate in exceptional circumstances when a prisoner has presented sufficient facts to show that mental illness precluded him from asserting his rights); *see also Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) (a petitioner "(i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition.") (citation omitted). Petitioner must also show that he diligently pursued federal habeas relief. *See Mathis*, 616 F.3d at 474.

Petitioner submitted mental health records that are dated well beyond the expiration of the AEDPA limitations period. The mental health records show that Petitioner has been diagnosed with schizoaffective disorder and that it was first observed in May of 2017, which was shortly after his conviction became final and within the limitations period. However, Petitioner has presented no evidence to demonstrate that his mental condition caused him to be unable to pursue his legal remedies during the relevant time period. Indeed, Petitioner supplies no mental health or medical records or evidence corresponding to the AEDPA limitations period. Furthermore, his state and federal pleadings show that he is lucid, that he can read and understand Respondent's pleadings, and that he can clearly express his legal and factual claims. Although Petitioner suffers from a schizoaffective disorder, there is no evidence that this mental condition interfered with his ability to file a federal writ in a timely manner.

Furthermore, to the extent Petitioner seeks equitable tolling due to his ignorance of the law, unfamiliarity with the legal process, and his *pro se* status, these are not "rare and exceptional" circumstances warranting such relief. *See Felder*, 204 F.3d at 171-73; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Fisher*, 174 F.3d at 713 n.11.

Finally, the extraordinary lapse in time between Petitioner's conviction and sentence in March of 2017 and his first challenge to this conviction, in July of 2021, plainly does not bespeak reasonable diligence. *See Nelms v. Johnson*, 51 F. App'x 482, 2002 WL 31319277, at *1 (5th Cir. 2002) ("This court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by."). Petitioner has slept on his rights, and as a result, is not entitled to equitable tolling of the limitations period based on his mental disorder.

### C. Actual Innocence

Petitioner also contends that he is actually innocent of the offenses. (Dkt. #1, p. 6; Dkt. #11, p. 11). In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court held, "actual innocence, if proved, serves as a gateway through which a petitioner may pass [if] the impediment is . . . expiration of the statute of limitations." *Id.*; *see also Martin v. Stephens*, 563 F. App'x 329, 329-30 (5th Cir. 2014). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329.

Actual innocence means factual innocence, and a petitioner cannot show factual innocence by merely alleging insufficiency of the evidence. *Uptergrove v. Dir., TDCJ-CID*, No. 4:18-CV-586, 2021 WL 3354610, at *3 (E.D. Tex. May 10, 2021) (citing *Bousley v. United States*, 523 U.S. 614, 634-24 (1998)), *report and recommendation adopted*, No. 4:18CV586, 2021 WL 3288296 (E.D. Tex. July 30, 2021). "The Supreme Court has not explicitly defined what constitutes 'new reliable evidence' under the *Schlup* actual-innocence standard." *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018). However, the Fifth Circuit has observed that "[e]vidence does not qualify as 'new' . . . if 'it was always within the reach of [an inmate's] personal knowledge or reasonable investigation.'" *Id.* at 390 (evidence is not new for actual innocence purposes where the evidence was not unavailable to counsel at time at trial); *see also Shank v. Vannoy*, 2017 WL 6029846, at

9

*2 (5th Cir. Oct. 26, 2017) ("Evidence that was available to be presented to the jury at the time of trial is not now 'new' evidence, even if it was not actually presented to the jury."); *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008) (holding that "the information in Huel's affidavit [is] not 'new' (given that it was always within the reach of Moore's personal knowledge or reasonable investigation)").

In the present case, the Court first notes that Petitioner fails to present any newly discovered evidence. Nothing presented in Petitioner's federal petition is newly discovered. Petitioner claims that he is actually innocent because the State did not present the knife used in the crime and examine it for fingerprints, nor did the State present DNA evidence matching Petitioner to the crime. (Dkt. #1, p. 6). This information was available to Petitioner at the time he pled guilty; thus, this does not constitute newly discovered evidence. Second, Petitioner's actual innocence claim is actually a sufficiency of the evidence argument. In the context of actual innocence, Petitioner must establish factual innocence—he must show he did not commit the crime. *Bousley*, 523 U.S. at 623; *Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992). Petitioner wholly fails to show factual innocence, as required. *Id.*

Finally, Petitioner also fails to establish he exercised reasonable diligence. While the Supreme Court rejected the theory that "petitioners who assert *convincing* actual-innocence claims must [also] prove reasonable diligence to cross a federal court's threshold," it held that timing is a relevant factor in evaluating the reliability of the petitioner's proof of innocence. *Perkins*, 569 U.S. at 399 (emphasis added). Petitioner fails to point to any newly discovered evidence that was not discoverable within one year of the filing of his petition. Thus, Petitioner fails to assert a convincing actual-innocence claim and fails to show he exercised reasonable diligence. *See id.* at

386, 399. Accordingly, Petitioner has not set out a credible claim of actual innocence so as to excuse the statute of limitations.

In sum, Petitioner filed his § 2254 petition approximately three years and ten months beyond the AEDPA limitations deadline, and he fails to show that he is entitled to statutory or equitable tolling or to an actual innocence exception. Consequently, the § 2254 petition should be denied and dismissed as time-barred.

### III.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on

procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## IV.  RECOMMENDATION

It is accordingly recommended that the above-styled and numbered petition for a writ of habeas corpus be denied and that the case be dismissed with prejudice as time-barred. It is further recommended that a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected to factual findings and legal conclusions of the magistrate judge that are accepted by the district

court, except upon grounds of plain error, provided that the party has been served with notice that

such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C.

§ 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 1st day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE